## Case No. 16,218.

UNITED STATES v. SANCHEZ.

[Hoff. Land Cas. 133.] [1]

District Court, N. D. California. Dec. Term, 1855.

### MEXICAN LAND GRANTS.

The objection that the boundary of an adjoining rancho is affected by this claim is not tenable, the controversy being between and concluding the United States and the claimants only.

[Cited in Meader v. Norton, 11 Wall. (78 U. S.) 457.]

[Claim by the heirs of José Maria Sanchez for the Rancho Las Animas, comprising four leagues of land in Santa Clara county; confirmed by the board, and appeal taken by the United States.]

S. W. Inge, U. S. Atty.

Thornton & Williams, for appellees.

BY THE COURT. The claim in this case is founded on a title issued by Governor Figueroa to the widow of Mariano Castro. It appears from the voluminous documents contained in the expediente, that Josefa Romero, the widow of Castro, petitioned the governor for a revalidation of the title of her husband, or in case the papers on file did not authorize such a proceeding, then for a new grant to herself. The governor directed a search to be made in the archives for the record of the proceedings relative to the first grant. That record is embodied in a report of the secretary, Negrete, and presented to the governor for his examination. It is unnecessary to recapitulate these documents, or to examine the various reports and records of proceedings before the viceroy of New Spain on Mariano Castro's petition. The governor seems to have been satisfied as to the right of Josefa Romero to have the land which Mariano Castro had occupied for many years confirmed to her. He accordingly issued his decree recognizing the right of the party as ascertained from the archives, and ordered the proper testimonial of her title to the property to be issued to her. In this decree the governor mentions that the rancho of Las Animas has been possessed by Castro and his family for more than twenty years "in public notoriety," and as their right is proved to this tract granted to Castro under the name of "La Brea" by the vice royal government in 1802, he ordered a testimonial to issue for their protection, and inasmuch as the boundaries are not expressly defined in the grant of the viceroy, the parties must confine themselves to those set forth in the petition filed on the part of Rufina Romero, leaving uninjured the rights of any third party who may consider himself aggrieved by the proceedings. The authenticity of all the documents

1 [Reported by Numa Hubert, Esq., and here reprinted by permission.]

in the case is proved, and the long continued habitation and cultivation of the rancho for nearly half a century by those under whom the appellees claim, leave no doubt as to the validity of the title. It was accordingly unanimously confirmed by the board.

Much testimony has been taken on the part of the claimants of the adjoining rancho of San Ysidro to prove the precise location of the boundaries between that rancho and the rancho of Las Animas. But it has already been determined by this court and the board of commissioners that the rights of third parties cannot be adjudicated in this form, and that the question to be determined in this class of cases is merely the validity of the claim as against the United States. Between the United States and the claimants final decrees in these suits are conclusive, but the act of 1851 [9 Stat. 633] expressly declares that such decrees shall not affect the interests of third persons. All questions between claimants arising out of a conflict of boundaries are by the thirteenth section of that act more appropriately referred, in the first instance, to the surveyor general, but leaving to the parties the right of resorting to the proper judicial tribunals. As the "testimonial" or decree made by the governor mentions the boundaries of the tract of "Las Animas" to be those indicated in the diseño which accompanies the petition, leaving uninjured the right of any third party who may consider himself aggrieved by the proceeding, the rights of such parties would seem to have been intended to be left in the same condition as under patent issued by the United States under the law of 1851. It is clear from the terms of the testimonial that the governor intended to confirm and recognize the rights of the petitioners to the land of which they had long been in possession; and that so far as the government was concerned, he was willing to adopt the boundaries indicated by the petitioners on the diseño. But those boundaries were not intended to be conclusive upon the rights of others, and the reservation made in the decree clearly shows that if, in delineating the boundaries of the tract of which they claimed to be owners, the petitioners had exceeded its true limits or included the lands of others, the rights of such parties were not intended to be prejudiced by the decree of concession.

I think, therefore, that a decree should be entered in this court in conformity with the decree of the governor, and that the title of the claimants should be confirmed to the land according to the boundaries indicated on the diseño, but without prejudice to the rights of any parties who may be injured by such location.